UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cr-80031-Marra/Matthewman

UNITED STATES OF AMERICA,

v.

RICK TAYLOR,

Defendant.

_____/

**FILED BY___KJZ___D.C.**

**Sep 11, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## BOND REVOCATION AND DETENTION ORDER

The Defendant, Rick Taylor, appeared[1] before the Court on September 8, 2020 for a hearing on the Petition to Revoke Bond [DE 89] filed by the U.S. Probation Office. The relevant procedural history of this case is as follows.

### I.    Background

On August 14, 2013, the Honorable Kenneth A. Marra, United States District Judge, sentenced Defendant to 102 months of imprisonment followed by three years of supervised release. [DE 51]. Among the conditions of Defendant's supervised release was the requirement that Defendant refrain from violations of the law. [DE 84]. Defendant's term of supervised release commenced on May 26, 2020. *Id.*

On August 11, 2020, the U.S. Probation Office filed a VOSR Petition [DE 84] asserting that Defendant violated the terms of his supervised release in that the Defendant had been charged

---

[1] In light of the ongoing COVID-19 pandemic, the Defendant waived his physical appearance in the courtroom and consented to appear by Zoom video teleconference ("VTC"). The Court found the hearing could not be further delayed without serious harm to the interests of justice. The Court approved defendant's waiver of personal presence in the Courtroom and found the Defendant's consent to appear by VTC to be knowing and voluntary, with the advice of competent counsel.

1

with three crimes by the State of Florida, all of which allegedly occurred on August 5, 2020. Specifically, Defendant was charged with Aggravated Assault with a Deadly Weapon, Aggravated Battery with a Deadly Weapon, and Felon in Possession of a Firearm, all while Defendant was at 3723 Windsor Avenue, in West Palm Beach, Florida. The alleged victim is Ms. Felice Walker, the mother of his child.

The Court issued a summons, [DE 85], Defendant appeared, and the Court conducted Defendant's Initial Appearance and Detention Hearing on August 24, 2020. Following the hearing, the Court Ordered that Defendant be released on a $50,000 personal surety bond, and imposed numerous standard and special conditions of release, including a curfew of 6:00 p.m. to 5:00 a.m., and placed Defendant on location monitoring. [DE 88]. One of the reasons the Court released Defendant, despite the serious crimes with which he had been charged while on supervised release, was the ongoing COVID-19 pandemic and its effect on incarcerated defendants.

Three days later, on August 27, 2020, the U.S. Probation Office submitted a Petition to Revoke Bond [DE 89]. According to the Petition to Revoke Bond, on August 25, 2020, the day after the Court released him on bond, Defendant twice violated his curfew by leaving his residence and travelling to visit his neighbors. *Id.* Acting upon the Petition to Revoke Bond [DE 89], the Court issued a warrant for the Defendant's arrest, and after Defendant's arrest, the Court set a hearing on the Petition to Revoke Bond for September 8, 2020.

## II.    Summary of September 8, 2020 Hearing on Petition to Revoke Bond

At the September 8, 2020 hearing on the Petition to Revoke Bond, the Court took judicial notice of the VOSR Petition [DE 84] and Defendant's PSI. The Court admitted Government's Exhibit 1, the Electronic Monitoring Rules signed by Defendant, without objection. The Court also

heard the testimony of U.S. Probation Officer Justin Brownlee, and Supervisory U.S. Probation Officer Randel Frimet. The evidence, information and testimony presented established by clear and convincing evidence that Defendant violated his bond conditions. In fact, there was no dispute that Defendant violated his curfew twice on August 25, 2020 by leaving his residence.

According to the testimony of Officer Brownlee, who is assigned to the Location Monitoring unit in the U.S. Probation Office, he and Probation Officer Sampson specifically advised the Defendant on August 25, 2020, at approximately 12:20 p.m., that his curfew was from 6:00 p.m. to 5:00 a.m., and Defendant stated that he understood. On August 26, 2020, Officer Brownlee reviewed the Location Monitoring data for Defendant, and he saw that Defendant had left his residence on two separate occasions on the evening of August 25, 2020, in violation of his curfew. Specifically, Defendant was at 3805 Windsor Avenue from 8:08 p.m. until 8:39 p.m. Defendant then returned home. Defendant left his home again and was at 3725 Windsor Avenue from 8:58 p.m. until 10:24 p.m., when he again returned home. When confronted by Probation about his curfew violations, Defendant admitted that he left his house during his curfew period to visit his neighbors, located at 3805 Windsor Avenue and 3725 Windsor Avenue in West Palm Beach, Florida. Officer Brownlee testified that Ms. Felice Walker, the alleged victim of the violent crimes described in the Petition for Warrant or Summons for Offender under Supervision [DE 84], lives at 3723 Windsor Avenue, which is in close proximity to the locations where Defendant went when he violated his curfew. When informed by Officer Brownlee that he had violated the Court-imposed curfew, Defendant responded that "the curfew was not working for him".

Supervisory Probation Officer Frimet testified that, after he and Probation Officer Cunningham sought and obtained a Summons on the Petition [DE 84], they both further investigated the facts of the attack allegedly committed by Defendant upon Ms. Felice Walker.

3

Their further investigation involved speaking to two police officers, a crime scene technician, and an independent witness, Ms. Lillian Sellers. According to Ms. Sellers, the Defendant attacked Ms. Walker, struck her in the head with a firearm, and pointed the gun at her. Before fleeing, the Defendant dropped something from his firearm. According to the crime scene technician, a magazine from a firearm was recovered and is being processed for DNA, although it was negative for fingerprints. Further, the police officers advised that they have photos of the injuries to the victim which corroborate the alleged attack. And Ms. Sellers, a key witness against Defendant, resides at one of the locations where Defendant went when he violated his curfew. The victim, however, is currently being uncooperative.

According to the PSI, Defendant has a lengthy criminal history, including prior violent assaults on the same victim in this case, and numerous violations of probation and failures to appear. Specifically, Defendant has previously been convicted of Domestic Battery, in 2009, on the same victim, Ms. Felice Walker (the mother of his child), who is the alleged victim in the crimes charged in the pending VOSR Petition [DE 84].

### III.   Analysis

Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is…probable cause to believe that the person has committed a federal, state or local crime on release or clear and convincing evidence that the person has violated any other condition of release; and finds that…based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure

4

the person will not flee or pose a danger to the safety of any other person or the community or the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(b)(2)(B); *United States v. Wingo*, 490 Fed. Appx. 189, 190-91 (11th Cir. 2012); *United States v. Molina*, 2016 WL 2344577 (S.D. Fla. May 3, 2016); *United States v. Abovyan*, 18-80122-CR-Middlebrooks, 2018 WL 4203687 (S.D. Fla. Aug. 31, 2018).

At Defendant's initial appearance on the VOSR Petition held on August 24, 2020, despite the strict requirements of Fed.R.Crim.P. 32.1(a)(6), the Court gave Defendant another chance by giving him a bond and release conditions in light of the COVID-19 pandemic and other factors. The Court ensured that Defendant understood the rules of his curfew. The Court specifically told the Defendant that his curfew was from 6:00 p.m. to 5:00 a.m. each day and ensured that the Defendant understood. However, the very next day, on the evening of August 25, 2020, after being advised of his curfew by the Court, and then again by Probation, Defendant promptly ignored the conditions of his bond and release conditions by defying the rules of his curfew. It is important to the Court that Defendant went to the home of Ms. Sellers, a key witness in this case.

The Court is very concerned that, if released, the Defendant will harm the victim, Ms. Walker, and/or the witness, Ms. Sellers, or attempt to intimidate them or obstruct justice. Defendant has a propensity to domestic violence and he is too great a risk of danger to Ms. Walker and Ms. Sellers to be released when he so cavalierly violates his curfew. Even without the cooperation of Ms. Walker, which is not atypical in Domestic Battery cases, there is very strong evidence of the armed assault on Ms. Walker by Defendant.This case is no longer a "he said, she said" situation as the Court was led to believe at the initial appearance and bond hearing, since new and substantial evidence is now before this Court that was not presented at the August 24, 2020 initial appearance and bond hearing. The Court is also greatly troubled that when Defendant

violated his curfew, he went directly to the home of a key witness, Ms. Sellers.

Although the Court does not like ordering any defendant detained during the COVID-19 pandemic, *see United States v. Bailynson*, No. 18-CR-80124, 2020 WL 5367320 (S.D. Fla. Sept. 8, 2020); *United States v. Kahn*, No. 19-CR-80169, 2020 WL 1582279 (S.D. Fla. Apr. 2, 2020); *United States v. Martinez*, No. 20-CR-80031, 2020 WL 2517016 (S.D. Fla. May 14, 2020), it must do so in this case. While this Court considers the ongoing COVID-19 pandemic an important factor in making release or detention decisions, this does not mean that a defendant, such as Mr. Taylor, who willfully and cavalierly violates his bond conditions, is deserving of re-release merely because of COVID-19 dangers while incarcerated.

The Court finds that there is clear and convincing evidence that Defendant violated his bond or release conditions. Defendant intentionally and flagrantly violated his curfew twice the day after he was released. The Court believes that Defendant had a nefarious purpose for his curfew violation, and that was, *inter alia*, to contact or influence witnesses against him or to pressure the victim, directly or indirectly, to drop the charges.

The Court also finds by clear and convincing evidence that, based on the factors set forth in 18 U.S.C. §3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community. The Defendant clearly poses a danger to Ms. Walker and Ms. Sellers and other witnesses. Further, the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release. The Court no longer trusts Defendant to comply with any of its orders or release conditions. Therefore, the Court orders that Defendant's bond be revoked pursuant to 18 U.S.C. § 3148. Further, Defendant is ordered detained pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and the Bail Reform Act.

6

Accordingly, **IT IS HEREBY ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility. This Court also directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE** and **ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 11th day of September 2020.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE